UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| SHAVELLE OSCAR CHAVEZ-NELSON, | Case No. 17-CV-4098 (PJS/SER) |
| Petitioner, | |
| v. | ORDER |
| GOVERNOR TIM WALZ and COMMISSIONER OF CORRECTIONS PAUL SCHNELL, | |
| Respondents. | |

Shavelle Oscar Chavez-Nelson, pro se.

Kathryn M. Keena, DAKOTA COUNTY ATTORNEY'S OFFICE, and Matthew Frank and Edwin W. Stockmeyer, III, OFFICE OF THE MINNESOTA ATTORNEY GENERAL, for respondents.[1]

Following a jury trial in Minnesota state court, petitioner Shavelle Oscar Chavez-Nelson was convicted of first-degree premeditated murder and second-degree intentional murder for the killing of Palagor Obang Jobi. Chavez-Nelson was sentenced to life in prison without the possibility of parole. Chavez-Nelson appealed directly to the Minnesota Supreme Court, which affirmed his conviction after rejecting numerous arguments made by his attorney and by Chavez-Nelson himself in a pro se brief. *State v. Chavez-Nelson*, 882 N.W.2d 579 (Minn. 2016). Chavez-Nelson is now seeking a writ of

---

[1]Pursuant to Fed. R. Civ. P. 25(d), Tim Walz, Governor of Minnesota, is substituted for Mark Dayton, and Paul Schnell, Commissioner of the Minnesota Department of Corrections, is substituted for Tom Roy.

habeas corpus under 28 U.S.C. § 2254. Chavez-Nelson also has two other motions pending: (1) a motion to strike respondents' amended answer and impose sanctions, and (2) a motion to amend his § 2254 petition.

This matter is before the court on Chavez-Nelson's objections to the August 2, 2018 Report and Recommendation ("R&R") of Magistrate Judge Steven E. Rau. Judge Rau recommends denying Chavez-Nelson's § 2254 petition and the two pending motions. The Court has conducted a de novo review. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Based on that review, the Court overrules Chavez-Nelson's objections, adopts the R&R, and denies Chavez-Nelson's § 2254 petition, his motion to strike and impose sanctions,[2] and his motion to amend.

For the most part, all of Chavez-Nelson's arguments in favor of habeas relief have been adequately addressed in Judge Rau's thorough and careful R&R. Only three matters relating to various exhaustion and procedural-default issues merit comment:

*First*, Chavez-Nelson objects to the R&R's conclusion that his "liberty-interest claim" is both unexhausted and procedurally defaulted. ECF No. 31 at 1-3, 5-6. Chavez-Nelson's liberty-interest claim is his contention that when the trial judge violated Rule 5.04 of the Minnesota Rules of Criminal Procedure by refusing Chavez-

---

[2]To be clear: Although the Court is denying Chavez-Nelson's motion to strike and impose sanctions, the Court has not relied in any way on the fact that, over a year after he was convicted of murdering Jobi, Chavez-Nelson was also convicted of murdering Anarae Schunk.

-2-

Nelson's request that his advisory counsel represent him at trial—but instead forced Chavez-Nelson to choose between being represented by his original counsel or representing himself—the trial judge deprived Chavez-Nelson of liberty in violation of the Due Process Clause of the Fourteenth Amendment.

Chavez-Nelson initially contends that the State of Minnesota "forfeited [its] exhaustion and procedural default defenses" to his liberty-interest claim, and that Judge Rau's "raising [the defenses] constitutes an abuse of discretion." *Id.* at 6. Chavez-Nelson further contends that the R&R's conclusion that his liberty-interest claim is unexhausted and procedurally defaulted is incorrect. *Id.* at 1-3.

When a state fails to raise an affirmative defense to a habeas petition (such as failure to exhaust or procedural default), a court may nevertheless rely on the defense as long as the state did not expressly waive it. *See Day v. McDonough*, 547 U.S. 198, 202, 205-06 (2006); *Dansby v. Hobbs*, 766 F.3d 809, 824 (8th Cir. 2014); 28 U.S.C. § 2254(b)(3) ("A State shall not be deemed to have waived the exhaustion requirement or be estopped from reliance upon the requirement unless the State, through counsel, expressly waives the requirement."). Here, the State did not assert an exhaustion or procedural-default defense to Chavez-Nelson's liberty-interest claim in either its first answer, ECF No. 7 at 6-7, or its amended answer, ECF No. 19 at 23-29. But the State also never expressly waived the defenses.

The State did expressly concede that "Ground One" of Chavez-Nelson's petition was exhausted, but when the State referred to "Ground One," it was clearly referring only to Chavez-Nelson's argument that Rule 5.04 was violated and that the violation deprived him of his Sixth Amendment right to counsel. The State did not say a word about Chavez-Nelson's liberty-interest claim. ECF No. 7 at 6-7; ECF No. 19 at 23-29. Saying nothing about a claim is not the same thing as expressly waiving a defense to that claim. "[T]he plain and ordinary meaning of the term 'express' means directly stated or written, and is meant to distinguish situations where a message is implied or left to inference." *Grinnell Mut. Reinsurance Co. v. Villanueva*, 798 F.3d 1146, 1148 (8th Cir. 2015). Thus, the State did not expressly waive its exhaustion or procedural-default defenses to Chavez-Nelson's liberty-interest claim. *See, e.g., Magouirk v. Phillips*, 144 F.3d 348, 360 (5th Cir. 1998) (affirming a district court's sua sponte raising of procedural default where the record "indicate[d] that the state's 'waiver' was an inadvertent byproduct of careless briefing"); *Amos v. Cain*, Civ. A. No. 04-2029, 2008 WL 782472, at *5 n.21 (E.D. La. Mar. 20, 2008) (concluding that where a "state overlooked [a] claim . . . and, therefore, [did] not raise[]" an applicable procedural-default defense, such a "failure to address the claim and raise the procedural default was clearly inadvertent rather than a purposeful decision made on behalf of the state to forgo the defense").

Because the State did not expressly waive its exhaustion or procedural-default defenses, the Court may rely on those defenses in adjudicating Chavez-Nelson's liberty-interest claim. Before doing so, however, the Court "must accord the parties fair notice and an opportunity to present their positions." *Day*, 547 U.S. at 210. Judge Rau did not warn the parties that he intended to rely on the doctrines of exhaustion and procedural default with respect to Chavez-Nelson's liberty-interest claim, but Judge Rau's R&R obviously provided notice that he had done so, and the parties' opportunity to object to the R&R gave them a full opportunity to be heard on the matter. *See, e.g.*, *Magouirk*, 144 F.3d at 359 (finding that a Magistrate Judge's R&R placed the habeas petitioner "on notice that procedural default was a potentially dispositive issue," and that the petitioner's opportunity to object to the R&R provided "a reasonable opportunity to oppose application of the procedural default doctrine in the district court"); *Canady v. Baker*, No. 96-4354, 1998 WL 123996, at *1 (6th Cir. Mar. 13, 1998) (same); *Albanese v. Capra*, 13-CV-5152 (CS) (JCM), 2017 WL 2954401, at *3 (S.D.N.Y. July 10, 2017) (same); *Young v. Clearfield Cty. Commonwealth of Pleas*, Civ. A. No. 08-5J, 2008 WL 1711099, at *3 n.2 (W.D. Pa. Feb. 26, 2008) (same)*; Ambo v. Cain*, Civ. A. No. 05-3972, 2007 WL 2228538, at *4 (E.D. La. July 31, 2007) (same).

The Court agrees with Judge Rau that the exhaustion and procedural-default doctrines should be applied, notwithstanding respondents' (apparently) inadvertent

failure to assert them in their formal pleadings. Those defenses are "designed to ensure that state-court judgments are accorded the finality and respect necessary to preserve the integrity of legal proceedings within our system of federalism." *Martinez v. Ryan*, 566 U.S. 1, 9 (2012). Moreover, the Court agrees with Judge Rau that Chavez-Nelson's liberty-interest claim is unexhausted and procedurally defaulted. Chavez-Nelson never argued before the Minnesota Supreme Court that the violation of Rule 5.04 deprived him of liberty without due process in violation of the Fourteenth Amendment, and it is clear that Chavez-Nelson is now barred from litigating that issue before a state court. *See* ECF No. 28 at 10-11; *see also Jones v. Jerrison*, 20 F.3d 849, 854 (8th Cir. 1994) ("To 'fairly present' his claim, the petitioner must present the same facts *and legal theories* to the state court that he later presents to the federal courts. This allows the state court to apply the controlling legal principles to the facts that constitute the federal claims." (emphasis added)).

Further, even if the Court were to reach the merits of Chavez-Nelson's liberty-interest claim, it would reject that claim. Subdivision 2(2)(b) of Rule 5.04 provides that "[i]f the court appoints advisory counsel because of concerns about delays in completing the trial, the potential disruption by the defendant, or the complexity or length of the trial"—as the trial judge did at the beginning of Chavez-Nelson's trial, *see* ECF No. 19-1 at 47, 249—then if the defendant "requests advisory counsel to take over

representation during the proceeding," "advisory counsel will assume full representation of the defendant." The Minnesota Supreme Court held that the trial judge violated this rule when she denied Chavez-Nelson's request (made during voir dire) that his advisory counsel take over his representation. *Chavez-Nelson*, 882 N.W.2d at 586. But that holding does Chavez-Nelson no good in this § 2254 proceeding, as this Court can grant relief only if it finds that Chavez-Nelson "is in custody in violation of the Constitution or laws or treaties of *the United States*." 28 U.S.C. § 2254(a) (emphasis added). Thus, Chavez-Nelson has strived mightily to convert a violation of a state rule of procedure into a violation of the United States Constitution.

Before the Minnesota Supreme Court—and again before this Court—Chavez-Nelson argued that the violation of Rule 5.04 deprived him of the right to counsel guaranteed by the Sixth Amendment. That claim is plainly meritless, for the reasons described by both the Minnesota Supreme Court (*Chavez-Nelson*, 882 N.W.2d at 587-88) and the R&R (ECF No. 28 at 11-14). The Sixth Amendment gave Chavez-Nelson the right to be represented by *an* attorney, not by a *particular* attorney—and certainly not by his advisory counsel. The trial judge made it clear to Chavez-Nelson when he elected to proceed pro se that she would allow his original counsel to resume representation; all Chavez-Nelson had to do was ask (as he did a few days later). Thus, Chavez-Nelson was never deprived of his right under the *Sixth Amendment* to be represented by *counsel*;

he was deprived only of his right under *Rule 5.04* to be represented by *particular* counsel.

Having failed to convert a violation of Rule 5.04 into a violation of the *Sixth* Amendment, Chavez-Nelson now tries to convert the violation of Rule 5.04 into a violation of the *Fourteenth* Amendment. Chavez-Nelson argues that the mandatory language of Rule 5.04 ("*will* assume full representation") created a "protected liberty interest" in having advisory counsel take over his case at his request. ECF No. 3 at 4, 6-8. Chavez-Nelson further argues that when the trial judge refused his request to be represented by advisory counsel, she deprived him of due process. Chavez-Nelson is not clear about whether he is asserting a deprivation of *substantive* due process or a deprivation of *procedural* due process.

On the one hand, Chavez-Nelson appears to be making a substantive-due-process argument. Chavez-Nelson does not seem to contend that the trial judge could have denied his request that advisory counsel take over representation, if only the trial judge had first afforded him more procedures. That would be a procedural-due-process claim. Rather, Chavez-Nelson seems to argue that, in light of the mandatory language of Rule 5.04, the trial judge could not—under any circumstances—deny his request. *See* ECF No. 3 at 4, 6-8. That is a substantive-due-process argument. *See Miller v. Henman*, 804 F.2d 421, 427 (7th Cir. 1986) ("The nub of a substantive due process

claim is that some things the state just cannot do, no matter how much process it provides.").

If Chavez-Nelson is, in fact, making a substantive-due-process argument, that argument is meritless, as "substantive due process claims do not arise out of state-created liberty interests." *Steele v. Cicchi*, 855 F.3d 494, 501 (3d Cir. 2017). Instead, Chavez-Nelson would have to show that he was denied a "fundamental right[]" that is "deeply rooted in this Nation's history and tradition." *Washington v. Glucksberg*, 521 U.S. 702, 720-21 (1997) (quotation marks and citation omitted). Chavez-Nelson's right to have advisory counsel take over full representation of his case is entirely the creation of a particular rule of criminal procedure of a particular state. It is not a "fundamental right[]" that is "deeply rooted in this Nation's history and tradition," similar to, say, the right to marry or the right to have children. *Id.* at 719-21.

Perhaps Chavez-Nelson is instead making a *procedural*-due-process claim—that is, a claim that the trial judge failed to provide adequate procedures before depriving him of a state-created liberty interest. *See, e.g.*, *Steele*, 855 F.3d at 501 (". . . substantive due process claims do not arise out of state-created liberty interests," but "procedural due process rights . . . may be derived from state law . . ."); *Kraushaar v. Flanigan*, 45 F.3d 1040, 1047 (7th Cir. 1995) ("a State may create a liberty interest protected by the Due Process Clause through its enactment of certain statutory or regulatory

measures . . . [but] the Supreme Court has never held that such state-created interests constitute a fundamental liberty interest protected under a *substantive* due process theory. Rather, the Court has analyzed state-created liberties under a *procedural* due process theory." (cleaned up)).

In order to succeed on a procedural-due-process claim, Chavez-Nelson would need to establish "that he has a protected property or liberty interest at stake and that he was deprived of that interest without due process of law." *Hopkins v. Saunders*, 199 F.3d 968, 975 (8th Cir. 1999) (citing *Marler v. Mo. State Bd. of Optometry*, 102 F.3d 1453, 1456 (8th Cir. 1996)). A protected liberty interest "may arise from an expectation or interest created by state law or policies." *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005) (citing *Wolff v. McDonnell*, 418 U.S. 539, 556-58 (1974)). But a state *procedural* rule—such as the rule relied upon by Chavez-Nelson[3]—does not, in and of itself, create a constitutionally protected liberty interest; rather, the constitutionally protected liberty interest (if one exists) must be found in a substantive interest that underlies the procedural rule. *See, e.g., Elliott v. Martinez*, 675 F.3d 1241, 1242, 1244-47 (10th Cir. 2012) (noting that "protected interests" under the Due Process Clause are "substantive rights,

---

[3]The Minnesota Rules of Criminal Procedure are promulgated by the Minnesota Supreme Court, and the rules cannot—by law—"abridge, enlarge, or modify" any "substantive rights." Minn. Stat. § 480.059, subdiv. 1. It is thus not surprising that the Minnesota Supreme Court has held that the appointment of advisory counsel is a "procedural matter." *State v. Clark*, 722 N.W.2d 460, 466 (Minn. 2006).

not rights to procedure," and finding no protected liberty interest in a state law requiring that the target of a grand jury investigation be given notice, as it was a mere procedural law); *Watson v. City of New York*, 92 F.3d 31, 37-38 (2d Cir. 1996) (noting that the court must analyze whether an individual has a claim of entitlement to the "substantive interest" underlying the procedural rule, and finding no protected liberty interest in a state rule requiring that individuals be arraigned or released within 24 hours).

Chavez-Nelson appears to contend that the substantive interest underlying Rule 5.04 is his right to counsel—and that this right to counsel is the constitutionally protected liberty interest of which he was deprived. ECF No. 3 at 4. But Chavez-Nelson is mistaken if he believes that Rule 5.04 is intended to protect a defendant's right to counsel.[4] And even if he were correct, Chavez-Nelson—for all the reasons explained

---

[4]The comment to Rule 5.04 states that the "main reasons . . . for appointing advisory counsel for defendants who wish to represent themselves" are "to aid the court in fulfilling its responsibility for insuring a fair trial, to further the public interest in an orderly, rational trial," and to prevent "the disruption of the criminal process before its completion caused by the removal of an unruly defendant or a request for counsel during a long or complicated trial." Minn. R. Crim. P. 5.04, cmt. Thus, Rule 5.04 was enacted to protect the *judicial system*, not *defendants* (except insofar as they, like the prosecutors and the public, benefit from a well-functioning judicial system). *See State v. Clark*, 722 N.W.2d 460, 468 (Minn. 2006) ("The primary justifications for advisory counsel are: ensuring the fairness of the criminal justice process, promoting judicial efficiency, and preserving the appearance of judicial impartiality.")

(continued...)

in this order, in the R&R, and in the Minnesota Supreme Court's decision—cannot show that he was deprived of the right to counsel.

State trial judges make mistakes. They sometimes fail to correctly apply state procedural rules. But a state trial judge does not deprive a defendant of a constitutionally protected liberty interest every time she makes a mistake in applying a state procedural rule. *See, e.g.*, *Watson*, 92 F.3d at 37-38 (2d Cir. 1996) (holding that a violation of New York's state procedural rule that individuals must be released or arraigned within 24 hours of being in custody was not a due-process violation, as the substantive interest it was designed to protect was "freedom from confinement," and the Supreme Court had already "set[] 48 hours as the presumptive outside limit for confinement prior to arraignment"). To find otherwise would be to constitutionalize all of the procedural rules of all of the states. For the reasons described above, the trial judge's violation of Rule 5.04 did not deprive Chavez-Nelson of any liberty interest protected by the Fourteenth Amendment, and thus this Court would dismiss his procedural-due-process claim on the merits, if that claim had been exhausted.

---

[4](...continued)
Indeed, both the Minnesota Supreme Court and Rule 5.04 are quite clear that a pro se defendant does not have the right to the appointment of advisory counsel; rather, appointing advisory counsel is within the discretion of the trial judge. *See Dobbins v. State*, 845 N.W.2d 148, 155 (Minn. 2013) (". . . the appointment of advisory counsel under Rule 5.04, subdivision 2, is permissive, not mandatory."); Minn. R. Crim. P. 5.04, subd. 2 ("The court *may* appoint advisory counsel to assist a defendant who voluntarily and intelligently waives the right to counsel." (emphasis added)).

*Second*, Chavez-Nelson argues that the trial judge's failure to give a jury instruction regarding a particular lesser-included offense violated his right to a fair trial under the Fourteenth Amendment. As Judge Rau found, however, this claim is both unexhausted and procedurally defaulted, as Chavez-Nelson never argued before the Minnesota Supreme Court that the failure to give the contested instruction violated his constitutional rights. ECF No. 31 at 6-8. Chavez-Nelson concedes that Judge Rau is correct that neither of the cases Chavez-Nelson cited to the Minnesota Supreme Court—i.e., neither *Stevenson v. United States*, 162 U.S. 313 (1896), nor *Keeble v. United States*, 412 U.S. 205 (1973)—addresses a federal *constitutional* issue. Nonetheless, Chavez-Nelson contends that those two cases clearly establish—*as a matter of federal law*—that he was entitled to the disputed jury instruction. ECF No. 31 at 7. As Judge Rau noted, however, *Stevenson* and *Keeble* rely on Federal Rule of Criminal Procedure 31(c).[5] ECF No. 28 at 14-17. It should go without saying that the *Federal* Rules of Criminal Procedure did not govern Chavez-Nelson's *state* criminal trial.

In short, Chavez-Nelson exhausted a claim that the failure to give the contested jury instruction violated the Federal Rules of Criminal Procedure, but that claim is frivolous. Chavez-Nelson did not exhaust a claim that the failure to give the contested jury instruction violated the Fourteenth Amendment. Accordingly, his constitutional

---

[5]As noted by the R&R, *Stevenson* technically relied on a precursor to Rule 31(c). *See* ECF No. 28 at 16 n.6.

claim is not exhausted and, because it cannot now be litigated in state court, that claim is also procedurally defaulted. *See id.*

*Third*, Chavez-Nelson objects to the R&R's conclusion that his prosecutorial-misconduct claim regarding six statements made by the prosecutor before the jury is procedurally defaulted due to his failure to object to the statements at trial. ECF No. 31 at 9-10. Chavez-Nelson contends that, in order for there to be a procedural default, "the last court from which the petitioner sought review must have invoked the state procedural rule as a basis for its decision," and it must have done so "clearly and expressly." *Id.* (citing *Coleman v. United States*, 501 U.S. 722, 729-30 (1991)).

Chavez-Nelson misreads *Coleman*. It is true that when a state-court decision "fairly appears to rest primarily on federal law or to be interwoven with federal law," then, in order for a federal reviewing court to conclude that a state procedural rule is an independent and adequate state ground for the decision, the state court must "clearly and expressly state[] that its judgment rests on a state procedural bar." *Coleman*, 501 U.S. at 735-36. Here, however, the Minnesota Supreme Court's decision regarding Chavez-Nelson's prosecutorial-misconduct claim does not "fairly appear[] to rest primarily on federal law or to be interwoven with federal law." That is because the Minnesota Supreme Court did not say a word about why it rejected that claim (and

-14-

Chavez-Nelson's other pro se claims) except to say that "none of Chavez-Nelson's pro se claims has merit." *Chavez-Nelson*, 882 N.W.2d at 592.

Moreover, the challenged statements were not objected to at trial,[6] and thus the Minnesota Supreme Court would necessarily have reviewed them under a modified-plain-error standard. *State v. Ramey*, 721 N.W.2d 294, 297-99 (Minn. 2006) (concluding that all unobjected-to prosecutor statements receive modified-plain-error review). Accordingly, under Eighth Circuit precedent,[7] Chavez-Nelson's claims regarding these six statements are procedurally barred. *Clark v. Bertsch*, 780 F.3d 873, 874 (8th Cir. 2015) ("a federal habeas court cannot reach an otherwise unpreserved and procedurally

---

[6]*See* ECF No. 19-1 at 1588 (no objection to statements that "This is a man who was itching—he was itching for a confrontation that night, and he found Palagor Jobi," and "He was itching to use that gun that night"); 1589 (no objection to statement that "Palagor was running for his life"); 1591 (no objection to statement that "the evidence does show these were the first two shots . . . . These I would submit to you were the first two shots"); 1603 (no objection to statement that "That's why he ran from the defendant"); 1584, 1589, 1591, 1593-94, 1599,1600, 1605-07 (no objection to various "we" "us" and "I" statements).

[7]The Court acknowledges that other circuits disagree. *See, e.g.*, *Matthews v. Workman*, 577 F.3d 1175, 1186 n.4 (10th Cir. 2009) (applying the normal § 2254(d)(1) standard of review—contrary to, or an unreasonable application of, clearly established Supreme Court precedent—to a state court's plain-error review of unobjected-to prosecutor statements). But the Court is bound by Eighth Circuit precedent.

defaulted claim merely because a reviewing state court analyzed that claim for plain error."[8]).[9]

Chavez-Nelson also contends that an exception to procedural default applies here, because he alleged that his lawyers were ineffective for failing to object to these statements at trial. ECF No. 31 at 10-11. Unfortunately for Chavez-Nelson, however, although he raised this ineffective-assistance-of-counsel argument before Judge Rau, *see* ECF No. 3 at 22, 28, he failed to raise it before the Minnesota Supreme Court, *see* ECF No. 7-1 at 84-86; ECF No. 28 at 22-23. The ineffective-assistance-of-counsel claim is thus itself procedurally defaulted. ECF No. 28 at 22-24. Accordingly, ineffective assistance of counsel can only serve as "cause and prejudice" for the procedural default regarding

---

[8]The Court can discern no relevant difference between an unobjected-to statement receiving plain-error review and an unobjected-to statement receiving modified-plain-error review. Chavez-Nelson has not argued that there is any difference.

[9]It does not matter that the Minnesota Supreme Court did not explicitly state that it had reviewed the challenged statements under a modified-plain-error standard, as it is clear under state law that the Minnesota Supreme Court was required to do so. *See Clemons v. Luebbers*, 381 F.3d 744, 750 (8th Cir. 2004) ("For the federal court to enforce a state procedural bar, either the state court must have declined to reach the issue for procedural reasons *or it is clear that the state court would hold the claim procedurally barred*." (emphasis added)); *see also Simpson v. Sparkman*, 94 F.3d 199, 203 (6th Cir. 1996) ("Even though the Kentucky Court of Appeals was silent as to its reasons for denying petitioner a writ of habeas corpus on his due process claim, we will not assume that the court did not observe the applicable procedural bar. Instead, we will assume that had the state court addressed the petitioner's due process claim, it would not have ignored its own procedural rules and would have enforced the procedural bar.").

the prosecutorial-misconduct claim if Chavez-Nelson can show "cause and prejudice" for the procedural default regarding the ineffective-assistance claim itself. *Edwards v. Carpenter*, 529 U.S. 446, 453 (2000). For the reasons explained in the R&R, he cannot. *See* ECF No. 28 at 22-24.

Finally, the Court notes that, even if it could review Chavez-Nelson's prosecutorial-misconduct claim on the merits, the Court would reject it. A conviction may be reversed based on a prosecutor's comments during trial "only if (1) the prosecutor's conduct was improper and (2) the conduct prejudicially affected the 'defendant's substantial rights so as to deprive him of a fair trial.'" *United States v. Gomez-Diaz*, 911 F.3d 931, 935 (8th Cir. 2018) (quoting *United States v. Beckman*, 222 F.3d 512, 526 (8th Cir. 2000)). Assuming that each of the challenged comments was improper (a highly dubious assumption), a review of the record leaves no doubt that the comments cited by Chavez-Nelson did not deprive him of a fair trial.

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, the Court OVERRULES Chavez-Nelson's objections [ECF No. 31] and ADOPTS the August 2, 2018 R&R [ECF No. 28]. IT IS HEREBY ORDERED THAT:

1. Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 petition [ECF No. 1] is DENIED.

2. Petitioner's motion to strike respondents' answer and appendix, and demand for the imposition of sanctions [ECF No. 22] is DENIED.

3. Petitioner's motion to amend his petition [ECF No. 27] is DENIED.

4. This action is DISMISSED WITH PREJUDICE.

5. No certificate of appealability will issue.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: January 25, 2019  s/Patrick J. Schiltz  
Patrick J. Schiltz  
United States District Judge