UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| SHAVELLE OSCAR CHAVEZ-NELSON, | Case No. 17-CV-4098 (PJS/SER) |
| Petitioner, | |
| v. | ORDER |
| GOVERNOR TIM WALZ and COMMISSIONER OF CORRECTIONS PAUL SCHNELL, | |
| Respondents. | |

---

Shavelle Oscar Chavez-Nelson, pro se.

Kathryn M. Keena, DAKOTA COUNTY ATTORNEY'S OFFICE, for respondents.

Petitioner Shavelle Chavez-Nelson was convicted of first-degree premeditated murder and sentenced to life in prison without the possibility of parole. Chavez-Nelson appealed directly to the Minnesota Supreme Court, which affirmed his conviction. *State v. Chavez-Nelson*, 882 N.W.2d 579 (Minn. 2016).

Chavez-Nelson then filed this federal habeas action. The Court denied Chavez-Nelson's petition, finding that some claims were procedurally defaulted and the remaining claims were substantively without merit. ECF Nos. 28, 32. In particular, the Court held that all but one of Chavez-Nelson's claims for ineffective assistance of counsel were procedurally defaulted. ECF No. 28 at 22–24; ECF No. 32 at 17. About a month after the Court denied Chavez-Nelson's habeas petition, he filed a motion to

alter or amend the judgment, which the Court denied. ECF Nos. 34, 36. Chavez-Nelson then filed a notice of appeal. ECF No. 40. While his appeal was pending, Chavez-Nelson filed a motion for relief from judgment under Fed. R. Civ. P. 60(b)(6), which the Court denied. ECF Nos. 43, 45. A few months later, the United States Court of Appeals for the Eighth Circuit denied Chavez-Nelson's application for a certificate of appealability and dismissed his appeal. ECF No. 50.

In the meantime, Chavez-Nelson returned to state court to seek post-conviction relief. On September 16, 2020, the Minnesota Supreme Court affirmed the denial of his post-conviction petition. *See Chavez-Nelson v. State*, 948 N.W.2d 665 (Minn. 2020). In doing so, however, the Minnesota Supreme Court addressed the merits of one of the claims that this Court had previously found to be procedurally defaulted—specifically, the claim that Chavez-Nelson's trial counsel was ineffective for failing to visit the crime scene or employ an investigator to determine the distances between Chavez-Nelson, the victim's body, and a nearby SUV. *Id.* at 672. The Minnesota Supreme Court did not explain why it chose to address this claim.

This matter is before the Court on Chavez-Nelson's second motion for relief from judgment under Fed. R. Civ. P. 60(b)(6). Chavez-Nelson seeks to reopen this case for the purpose of addressing the merits of all of the ineffective-assistance claims that this Court previously found to be procedurally defaulted. For the reasons that follow, the

motion is denied in all respects save for the following: The Court will reopen this case for the sole purpose of addressing the merits of Chavez-Nelson's claim that his trial counsel was ineffective for failing to investigate crime-scene distances.

### A. Standard of Review

Rule 60(b)(6) permits a court to "relieve a party . . . from a final judgment, order, or proceeding for . . . any other reason that justifies relief." Such a motion may be granted only in "extraordinary circumstances." *Raymond v. United States*, 933 F.3d 988, 991 (8th Cir. 2019) (citation and quotation marks omitted). In determining whether there are extraordinary circumstances, courts "may consider a wide range of factors" including "the risk of injustice to the parties and the risk of undermining the public's confidence in the judicial process." *Buck v. Davis*, 137 S. Ct. 759, 778 (2017) (citation and quotation marks omitted). In addition, a "precondition" of Rule 60(b)(6) relief is a "good claim or defense." *Id.* at 780 (citation and quotation marks omitted).

### B. Analysis

#### 1. Timeliness

The State first argues that Chavez-Nelson's motion is untimely. A motion for relief under Rule 60(b)(6) must be made within a "reasonable time." Fed. R. Civ. P. 60(c)(1). "What constitutes a reasonable time is dependent on the particular facts of the case in question . . . ." *Watkins v. Lundell*, 169 F.3d 540, 544 (8th Cir. 1999).

Here, the Court finds that the approximately seven months between the Minnesota Supreme Court's decision and the filing of the current Rule 60(b)(6) motion was a reasonable amount of time for a pro se, incarcerated litigant to research and prepare a motion for post-judgment relief, particularly given that Chavez-Nelson has been laboring under various pandemic-related restrictions that have been imposed on inmates in Minnesota prisons. *Cf. Harris v. Union Elec. Co.*, 846 F.2d 482, 484–85 (8th Cir. 1988) (holding that a motion filed nearly 23 months after judgment was "timely under the circumstances" because the judgment had been subject to modification on appeal). Notably, the State does not contend that it will suffer any prejudice from the delay. *Schultz v. Com. First Fin.*, 24 F.3d 1023, 1025 (8th Cir. 1994) ("We consider the movant's reason for delay and the existence of any prejudice to the opposing party when determining a 'reasonable time.'").

It is true, as the State argues, that the motion was filed more than two years after judgment was entered in this case. The Court agrees with Chavez-Nelson, however, that the time between this Court's judgment and the Minnesota Supreme Court's decision in his post-conviction proceedings cannot be held against Chavez-Nelson. Chavez-Nelson timely and diligently pursued post-conviction relief in state court and he is not responsible for the timing of state-court decisions. *See Harris*, 846 F.2d at 484–85 (noting that the movant "did not act unreasonably in waiting until all avenues

of appeal had been exhausted before filing its motion").  The Court therefore rejects the State's argument that the motion is untimely.

2. Extraordinary Circumstances

The State next argues that Chavez-Nelson has not shown extraordinary circumstances that would justify reopening this case.  The Court will first address this argument as it relates to Chavez-Nelson's claim for failure to investigate distances at the crime scene and then address this argument as it relates to the other ineffective-assistance claims that the Court previously dismissed as procedurally defaulted.

*a. Failure to Investigate Distances at Crime Scene*

The State concedes that, insofar as it relates to the claim concerning his trial counsel's failure to investigate distances at the crime scene, Chavez-Nelson's Rule 60(b)(6) motion does not constitute a second-or-successive habeas claim under *Gonzalez v. Crosby*, 545 U.S. 524 (2005).  The State argues, however, that Chavez-Nelson has failed to show that there are extraordinary circumstances that would justify reopening the judgment on that claim.  In particular, the State argues that the fact that the Minnesota Supreme Court addressed the merits of the claim does not mean that this Court's previous holding that the claim was procedurally defaulted was erroneous.

It may be true that, at the time that this Court issued its decision, it did not err in holding that the crime-scene-distances claim was procedurally defaulted.  The

Minnesota Supreme Court later addressed that claim on the merits, *Chavez-Nelson*, 948 N.W.2d at 672, but the court did not explain why it chose to address the claim on the merits.  It is possible that the court did not believe the claim was procedurally defaulted, or that the court thought the issue was close and decided to give Chavez-Nelson the benefit of the doubt, or that the court believed the claim was procedurally defaulted but chose to exercise its discretion to review it.  It does not matter, though.  For whatever reason, the court *did* reach the merits of the claim, and "[i]f the last state court to be presented with a particular federal claim reaches the merits, it removes any bar to federal-court review that might otherwise have been available." *Ylst v. Nunnemaker*, 501 U.S. 797, 801 (1991).  Because the Minnesota Supreme Court chose to address the merits of the crime-scene-distances claim, this Court must treat the claim as properly exhausted.  Under the circumstances, this Court's refusal to review the merits of a properly exhausted and timely filed federal habeas claim would create both a risk of injustice and a risk of undermining the public's confidence in judicial proceedings. *See Buck*, 137 S. Ct. at 778.

Finally, the State argues that Chavez-Nelson's motion should be denied because his claim is destined to fail on the merits.  The State may be correct that the crime-scene-distances claim is meritless, but the Court is hesitant to address the merits of the claim on the current state of the record and proceedings.  Instead, the Court will reopen the

judgment on this claim so that the claim may be fully and directly addressed by the parties.  It is true that, in *Buck v. Davis*, the United States Supreme Court held that a "precondition" of Rule 60(b) relief is a showing of a "good claim or defense."  But the Supreme Court was referring to the merits of the petitioner's argument that his procedural default should be excused, not to the merits of the underlying habeas claim. *See id.* at 779–80 (citation and quotation marks omitted).  Because Chavez-Nelson's procedural argument is meritorious, the Court may grant Rule 60(b) relief to the extent of reopening this case to address the merits of his underlying claim that his trial counsel was ineffective for failing to determine the distances between Chavez-Nelson, the victim's body, and a nearby SUV.[1]

### b. Remaining Ineffective-Assistance Claims

As noted, the Court found that all but one of Chavez-Nelson's ineffective-assistance claims were procedurally barred.[2]  In particular, the Court held that Chavez-Nelson's claims for his trial counsel's failures to (1) obtain an independent evaluation of

---

[1]Due to the passing of Magistrate Judge Steven E. Rau, the Court will order that a different magistrate judge be assigned to this case for the purpose of addressing Chavez-Nelson's claim in a Report and Recommendation.

[2]Chavez-Nelson seems to imply that, because the Minnesota Supreme Court addressed the merits of his claim of ineffective assistance of appellate counsel, this Court should likewise do so.  Chavez-Nelson did not raise such a claim in his federal habeas petition, however, and hence there is no basis for granting relief under Rule 60(b)(6) for such a claim.

ballistics evidence, (2) object to prejudicial "other acts" evidence, and (3) object to various statements by the prosecutor during closing argument were all procedurally barred.  In its decision on Chavez-Nelson's post-conviction motion, the Minnesota Supreme Court likewise held that these claims are procedurally barred under *State v. Knaffla*, 243 N.W.2d 737 (Minn. 1976), because Chavez-Nelson knew or should have known of the claims but did not raise them in his direct appeal.  *See Chavez-Nelson*, 948 N.W.2d at 672–73.

Chavez-Nelson contends that the Minnesota Supreme Court's ruling was incorrect.  But Chavez-Nelson already had the opportunity to argue that these claims were not procedurally defaulted (or that his procedural default should be excused) and this Court already ruled against him over two years ago.  Nothing has changed during those two years save the fact that the Minnesota Supreme Court has now issued a decision that *supports* this Court's finding of procedural default.  Needless to say, these circumstances do not qualify as "extraordinary."

Finally, in his reply brief, Chavez-Nelson argues that the Minnesota Supreme Court did not clearly rely on a state procedural bar, but rather discussed both procedural and merits issues.  *See Harris v. Reed*, 489 U.S. 255, 263 (1989) ("a procedural default does not bar consideration of a federal claim on either direct or habeas review unless the last state court rendering a judgment in the case clearly and expressly states

that its judgment rests on a state procedural bar" (citation and quotation marks omitted)); *see also Ylst*, 501 U.S. at 802 (*Harris* is limited to cases in which the state decision appears to rest primarily on federal law or is interwoven with federal law).

The Court disagrees.  The Minnesota Supreme Court clearly and expressly held that these claims are procedurally barred.  *See Chavez-Nelson*, 948 N.W.2d at 673 (stating that "[t]hese claims, therefore, are *Knaffla* barred" and finding that the exceptions to *Knaffla*, which can excuse the failure to raise a claim on direct appeal, were inapplicable).  Chavez-Nelson therefore cannot show extraordinary circumstances that would warrant reopening the judgment of dismissal as to the remaining ineffective-assistance claims that this Court dismissed as procedurally barred.

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT:

1. Petitioner's Fed. R. Civ. P. 60(b)(6) motion for relief from judgment [ECF No. 52] is GRANTED IN PART and DENIED IN PART.

2. The motion is DENIED in all respects, save for the following:  This case is reopened for the sole purpose of addressing the merits of petitioner's claim that his trial counsel was ineffective for failing to investigate the

distances between petitioner, the victim, and a nearby SUV at the crime scene.

3. The Clerk of Court is directed to reassign this case to a different magistrate judge for purposes of addressing this ineffective-assistance claim in a Report and Recommendation.

Dated:  August 19, 2021                                     s/Patrick J. Schiltz
                                                                              Patrick J. Schiltz
                                                                              United States District Judge