UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| SHAVELLE OSCAR CHAVEZ-NELSON, | Case No. 17-CV-4098 (PJS/DTS) |
| Petitioner, | |
| v. | ORDER |
| GOVERNOR TIM WALZ and PAUL SCHNELL, Commissioner of Corrections, | |
| Respondents. | |

---

Shavelle Oscar Chavez-Nelson, pro se.

Kathryn M. Keena, DAKOTA COUNTY ATTORNEY'S OFFICE, for respondents.

Petitioner Shavelle Chavez-Nelson was convicted of first-degree premeditated murder and sentenced to life in prison without the possibility of parole. Chavez-Nelson appealed directly to the Minnesota Supreme Court, which affirmed his conviction. *State v. Chavez-Nelson*, 882 N.W.2d 579 (Minn. 2016). Chavez-Nelson then sought habeas relief in federal court under 28 U.S.C. § 2254, which this Court denied in January 2019. ECF Nos. 28, 32. Among other things, this Court held that all but one of Chavez-Nelson's claims for ineffective assistance of counsel were procedurally defaulted. ECF No. 28 at 22–24; ECF No. 32 at 17–18.

While this federal habeas action was pending, Chavez-Nelson sought post-conviction relief in state court. On September 16, 2020, the Minnesota Supreme Court

affirmed the denial of his post-conviction petition. *See Chavez-Nelson v. State*, 948 N.W.2d 665 (Minn. 2020).  In doing so, however, the court addressed the merits of one of the claims that this Court had previously found to be procedurally defaulted.  (The court did not explain why the claim was not procedurally defaulted.)  Specifically, the court rejected Chavez-Nelson's claim that his trial counsel was ineffective for failing to investigate and measure crime-scene distances, finding that Chavez-Nelson could not show prejudice under *Strickland v. Washington*, 466 U.S. 668 (1984).  *Chavez-Nelson*, 948 N.W.2d at 672.  Chavez-Nelson then moved for relief from judgment in this Court under Fed. R. Civ. P. 60(b).  The Court granted Chavez-Nelson's motion for the limited purpose of addressing the merits of this particular ineffective-assistance claim.  ECF No. 59.

This matter is before the Court on Chavez-Nelson's objection to the December 3, 2021 Report and Recommendation ("R&R") of Magistrate Judge David T. Schultz. Judge Schultz recommends denying Chavez-Nelson's ineffective-assistance claim and dismissing this matter with prejudice.  The Court has conducted a de novo review.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  Based on that review, the Court adopts Judge Schultz's thorough R&R.  Only one matter merits comment:

Chavez-Nelson objects to the R&R's discussion and application of 28 U.S.C. § 2254(d)(2), contending that the State did not present any argument under that

provision and that therefore any such argument is waived.[1]  The Court disagrees.  To begin with, it is worth noting that the State cited § 2254(d)(2) in its merits brief, which is inconsistent with any finding of waiver or forfeiture.  *See* ECF No. 70 at 6–7; *Kontrick v. Ryan*, 540 U.S. 443, 458 n.13 (2004) ("forfeiture is the failure to make the timely assertion of a right; waiver is the intentional relinquishment or abandonment of a known right" (cleaned up)).

Setting that aside, "every court of appeals to consider the question . . . has held a State's lawyers cannot waive or forfeit § 2254(d)'s standard."  *Langley v. Prince*, 926 F.3d 145, 162 (5th Cir. 2019) (en banc).  Chavez-Nelson cites *Brumfield v. Cain*, 576 U.S. 305 (2015), for the proposition that the application of § 2254(d)(2) is waivable.  But *Brumfield* did not so hold; instead, it held that the state had waived the argument that "rather than

---

[1]Section 2254(d) states as follows:

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

being evaluated pursuant to § 2254(d)(2)'s 'unreasonable determination of the facts' standard, Brumfield's attack on the state trial court's decision should instead be reviewed under the arguably more deferential standard set out in § 2254(e)(1)." *Id.* at 322 (cleaned up). Notably, even after *Brumfield*, appellate courts have continued to hold that the application of § 2254(d) is not waivable. *See, e.g.*, *Langley*, 926 F.3d at 162; *Winfield v. Dorethy*, 871 F.3d 555, 565 (7th Cir. 2017) (reversing for application of § 2254(d) notwithstanding state's earlier concession that § 2254(d) did not apply).

It is true, as Judge Schultz acknowledged, that the State did not address Chavez-Nelson's argument that the Minnesota Supreme Court misstated the crime-scene measurements that Chavez-Nelson submitted in support of his motion for post-conviction relief. *See* R&R at 10 n.7. As Judge Schultz explained, however, the accuracy of the Minnesota Supreme Court's recitation of these numbers does not matter, as the court did not rely on a factual finding of distance but rather held that there was no prejudice because the evidence was cumulative.

In any event, the standard of review does not affect the outcome in this case, as Chavez-Nelson would not be entitled to habeas relief even under a de novo standard. There is no dispute that Chavez-Nelson killed the unarmed victim by shooting him eight times, twice in the front and six times in the back (including four shots to the back of the head). *See* ECF No. 19-1 at 891–92 [A-1058 to A-1059] (defense stipulating that

-4-

Chavez-Nelson shot and killed the victim); *id.* at 1352 [A-1519] (medical examiner found eight gunshot wounds); *id.* at 1363 [A-1530] (victim was unarmed); *id.* at 1363–379 [A-1530 to A-1546] (medical examiner's testimony concerning location of gunshot wounds and bullet trajectories).

The crime-scene measurements that Chavez-Nelson contends should have been offered as evidence are relevant to Chavez-Nelson's argument that he shot the victim in self-defense. According to the State's theory, Chavez-Nelson was standing on the sidewalk near the front of a parked SUV when he fired the first two shots at the victim, who was near the rear of the SUV. ECF No. 19-1 at 1589–592 [A-1756 to A-1759] (State's closing argument). The medical examiner testified that one of these shots, which the State argued was the fatal shot, was fired from "millimeters to several feet away." ECF No. 19-1 at 1356 [A-1523]. Chavez-Nelson's reasoning is that the distance measurements, when combined with the medical examiner's testimony, show that, contrary to the State's theory, Chavez-Nelson could not have been standing on the sidewalk when he fired the fatal shot, but instead shot the victim at close range in self-defense during a struggle behind the SUV.

As the Minnesota Supreme Court explained, however, the jury had access to crime-scene photographs from which it could draw its own conclusions about crime-scene distances. It is true, as Chavez-Nelson argues, that the jury did not have the

benefit of the measurements that his affiant obtained at the crime scene. But these measurements were taken years later, when the victim's body and the SUV that served as a point of reference were no longer present. The affiant therefore had to rely on the same photographs that were presented to the jury in order to estimate the relevant distances. These photographs show the victim's body positioned toward the rear of the SUV. *See* ECF No. 1-5. In other words, the photographs themselves demonstrate that Chavez-Nelson could not have been standing on the sidewalk when he fired the shot if, as the medical examiner testified, the shot was fired from "millimeters to several feet away" (given that the SUV is clearly longer than "several feet").

Moreover, as the Minnesota Supreme Court noted, it affirmed Chavez-Nelson's conviction on direct appeal despite assuming that the victim sustained all of the gunshot wounds at close range during a scuffle behind the SUV—just as Chavez-Nelson claims. *Chavez-Nelson*, 948 N.W.2d at 672. This is not surprising, as there was overwhelming evidence that Chavez-Nelson was not acting in self-defense. As noted, the victim was shot in the *back* of the head *four times*, and the nature of the wounds as well as other evidence indicated that the victim's head was likely on the pavement at the time. ECF No. 19-1 at 996–99, 1354–355, 1369–379 [A-1163 to A-1166, A-1521 to A-1522, A-1536 to A-1546].

In short, the Minnesota Supreme Court's conclusion that additional evidence concerning crime-scene distances would not have made a difference to the outcome at trial is well within the bounds of both factual and legal reasonableness; indeed, it is plainly correct as an original matter. Chavez-Nelson is therefore not entitled to habeas relief.

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, the Court OVERRULES petitioner's objection [ECF No. 81] and ADOPTS the December 3, 2021 R&R [ECF No. 74]. IT IS HEREBY ORDERED THAT:

1. Petitioner's habeas claim for ineffective assistance of counsel for failure to investigate and measure crime-scene distances is DENIED.

2. No certificate of appealability will issue.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: May 18, 2022

s/Patrick J. Schiltz
Patrick J. Schiltz
United States District Judge